**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:18-cv-00473-FDW**

| | | |
|---|---|---|
| **JAIRUS TYRONE HENLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ERIK A. HOOKS, Secretary,** | ) | |
| **N.C. Dept. of Public Safety, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

   **THIS MATTER** is before the Court upon Respondents' Motion for Summary Judgment (Doc. No. 5) seeking denial of Petitioner Jairus Tyrone Henley's *pro se* Petition for Writ of Habeas Corpus and Amendment to the Petition, filed pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 2). Also before the Court is Petitioner's Motion to Strike Respondents' Second Brief (Doc. No. 13).

   **I.**  **BACKGROUND**

   Petitioner is a prisoner of the State of North Carolina. On September 19, 2013, the Charlotte Mecklenburg Police Department ("CMPD") sought to question him about a burglary and homicide that occurred the night before. Through an informant, the police located Petitioner and detectives brought him to the station for questioning. After speaking with detectives on-and-off for several hours, Petitioner confessed to his involvement in the burglary and homicide.

   The State indicted Petitioner for first degree murder, burglary, and various related crimes. Petitioner moved to suppress his confession and related statements to the detectives, arguing that the State violated his <u>Miranda</u> rights. The trial court denied the motion.

1

On May 20, 2016, a Mecklenburg County Superior Court jury found Petitioner guilty on all charges. The trial court sentenced him to consecutive sentences of life in prison without parole for the murder conviction, and 60 to 84 months in prison for burglary and robbery.

Petitioner appealed, and on July 5, 2017, the North Carolina Court of Appeals (NCCOA) filed an unpublished opinion finding no error in the denial of Petitioner's motion to suppress. State v. Henley, 801 S.E.2d 393, 2017 N.C. App. LEXIS 506, 2017 WL 29458 (N.C. Ct. App. 2017) (Table). The North Carolina Supreme Court (NCSC) denied his petition for discretionary review ("PDR") on September 28, 2017. State v. Henley, 804 S.E.2d 527 (2017) (Mem).

On August 20, 2018, Petitioner filed the instant habeas petition (Doc. No. 1) alleging a violation of his rights under Miranda v. Arizona. He filed an amended petition on October 22, 2018 (Doc. No. 2), adding a claim of seizure in violation of the Fourth Amendment. Respondents filed a Motion for Summary Judgment (Doc. No. 5) and Petitioner has responded (Doc. No. 9). Respondents filed a Reply (Doc. No. 11) and Petitioner has filed a Motion to Strike the Reply (Doc. No. 13).

## II.    LEGAL STANDARD

The habeas statute at 28 U.S.C. § 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. Wilson v. Corcoran, 562 U.S. 1, 14 (2011) ("Federal courts

may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), limits the federal court's power to grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law.

AEDPA's standard is intentionally "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quote and citation omitted). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions.' " Id. (quoting Howes v. Fields, 565 U.S. 499, 505 (2012)) (internal quote and citation omitted) (first alteration in the original).

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (plurality opinion). "And an

'unreasonable application of' [clearly established Federal law] must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." <u>Woodall</u>, 572 U.S. at 419 (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75–764 (2003)) (alteration added). "Rather, '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" <u>Woodall</u>, 572 U.S. at 419-420 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).

### III.   DISCUSSION

### A.   <u>Miranda</u> Claim

Ground one of Petitioner's instant habeas petition sets out a "Miranda Violation" and directs the Court to his enclosed "Statement of Facts for a detailed narrative of events and supporting facts." (Doc. No. 1, p. 5).  The facts alleged in the Statement of Facts appear to the Court to correspond to the facts presented to the trial court in the original pre-trial suppression motion hearing based on the Court's review of that hearing's transcript (Doc. No. 11-1). Petitioner's habeas petition notes that he raised the <u>Miranda</u> issue in an appeal to the NCCOA based on grounds "that a reasonable person in the Defendant's position would have believed that he was under arrest or that his freedom of movement was restrained to an extent associated with formal arrest."  (Doc. No. 1, p. 2).  The NCCOA appeal was denied on the merits.  A further appeal to the Supreme Court of North Carolina was denied.  <u>Id.</u>

The issue before the Court is whether the NCCOA's decision that Petitioner was not in custody when he made incriminating statements was reasonable.  Whether a suspect was "in

custody" for purposes of receiving <u>Miranda</u> warnings depends upon whether there was a "'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." <u>California v. Beheler</u>, 463 U.S. 1121, 1125 (1983) (quoting <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495 (1977)). "[W]hether a suspect is 'in custody' is an objective inquiry. 'Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave.'" <u>J.D.B. v. North Carolina</u>, 564 U.S. 261, 270 (2011) (quoting <u>Thompson v. Keohane</u>, 516 U.S. 99, 112 (1995) (internal quotation marks, alteration, and footnote omitted)). Facts considered in a custodial inquiry include

> the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the presence of multiple officers, the potential display of a weapon by an officer, and whether there was any physical contact between the officer and the defendant[,]. . . . the suspect's isolation and separation from family, . . . and [the use of ] physical restrictions.

<u>United States v. Hashime</u>, 734 F.3d 278, 283 (4th Cir. 2013) (citations and internal quotation marks omitted).

"Custodial interrogation" refers to "express questioning or its functional equivalent." <u>Rhode Island v. Innis</u>, 446 U.S. 291, 300–01 (1980). "That is to say, the term 'interrogation' under <u>Miranda</u> refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." <u>Id.</u> at 301 (footnote omitted). "The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police." <u>Id.</u>

Following review of the trial court suppression hearing transcript (Doc. No. 11-1) and the record on appeal (Doc. No. 6-4), the Court finds that the NCCOA was reasonable to determine that Petitioner was not in custody for <u>Miranda</u> purposes. Petitioner himself told the trial court that he was informed that he was "not under arrest" both during the initial encounter with detectives on the street and while he was riding in the front passenger seat of the detective's car on the way to the Law Enforcement Center (LEC). (Doc. No. 11-1, pp. 61-63). The record does not indicate that Petitioner was physically restricted at any time during the ride to the LEC or during Petitioner's conversations with detectives at the LEC, and Petitioner does not allege in his petition that he was handcuffed or otherwise restrained. Petitioner's interaction with the detective included "small talk" and general discussion of Petitioner's life and occupation. <u>Id.</u> at 64. Therefore, the facts relevant to the Court's custody determination support a finding that the NCCOA was reasonable in holding that Petitioner was not in custody under <u>Miranda</u> and that his interactions with law enforcement on September 19, 2013 were voluntary for <u>Miranda</u> purposes.

### B. Fourth Amendment Claim

In his Amended Petition, Petitioner purports to bring a Fourth Amendment claim based on an illegal seizure. <u>See</u> Pet'r's Resp. Opp. Summ. J. Mot. at 2 (Doc. No. 9) ("The petitioner has set forth two separate grounds in his petition which are two distinct claims: (1) Miranda violation (2) Unlawful seizure as governed by the Fourth Amendment"). The claim is set out in the Amended Petition, as follows:

> GROUND TWO: Seizure/whether the North Carolina Supreme Court overlooked the seizure upon the defendant where a totality of the circumstances shown on record show that police conduct constituted a seizure and custody. . . .

> Please see enclosed attachment entitled "Statement of Facts" for a detailed narrative of events and supporting facts. . . .

Am. § 2254 Pet. at 7 (Doc. No. 2). There is no such attachment to the Amended Petition. It appears, then, that Petitioner refers to the attachment included in his original petition outlining facts to support his <u>Miranda</u> claim. <u>See</u> Stmnt. of Facts, § 2254 Pet. at 6-11 (Doc. No. 1).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to identify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner has failed to comply with Rule 2(c) with respect to his Fourth Amendment claim.

First, he does not allege any facts in the Amended Petition to support his Fourth Amendment claim. Next the "Statement of Facts" incorporated in the original Petition is a six-page narrative supporting his <u>Miranda</u>-violation claim. <u>Miranda</u> claims are analyzed under the Fifth Amendment, <u>see</u>, <u>e.g.</u>, <u>Berkemer v. McCarty</u>, 468 U.S. 420, 440 (1984) (holding that "persons temporarily detained pursuant to [traffic] stops are not 'in custody' for the purposes of <u>Miranda</u>"); not the Fourth Amendment, <u>see</u>, <u>e.g.</u>, <u>United States v. Jackson</u>, 280 F.3d 403, 405 (4th Cir. 2002) ("Traffic stops . . . constitute Fourth Amendment seizures[.]"). Nevertheless, there generally are facts that may support both claims. Here, however, Petitioner does not identify in either his original Petition or his Amended Petition which facts in his narrative support his Fourth Amendment claim of an illegal seizure; indeed, he does not even mention the Fourth Amendment. In short, it is not at all apparent that Petitioner's second ground for relief, as it is stated in the Amended Petition, is a claim of a Fourth Amendment violation.

It is not surprising, then, that in the summary judgment motion, Respondents assert that Petitioner's "Grounds for Relief (1) and (2) are part and parcel of the same claim, i.e., that

Petitioner's Fifth Amendment rights were violated because he was seized and taken into custody by police and interrogated without <u>Miranda</u> warnings." <u>See</u> Summ. J. Mot. Br. at 3-4 (Doc. No. 3-4). In his Response to the summary judgment motion, however, Petitioner argues that his prior pleadings had, in fact, set out two distinct claims, and, for the first time, cites specific facts to make out a prima facia Fourth Amendment claim. <u>See</u> Pet'r's Resp. Opp. Summ. J. Mot. at 2, 4.

Thereafter, Respondents filed a Reply (Doc. No. 11), reasserting their original position and arguing in the alternative that Petitioner's Fourth Amendment claim is unexhausted, procedurally barred, and without merit. Petitioner has filed a motion to strike Respondents' Reply, arguing that Respondents are barred by the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases from raising a defense for the first time in a reply brief. (Doc. No. 13.)

Petitioner may not have it both ways. While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016), the liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court, <u>see</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). For the reasons previously stated, Petitioner failed to allege facts in his Amended Petition which set forth a recognizable Fourth Amendment Claim. <u>See</u> <u>Iqbal</u>, 556 U.S. at 684. He may not now cry "foul" that Respondents seek to raise a defense to a claim he had not previously made.

Under AEDPA, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. Petitioner has pursued only the first approach. In his Appellate Brief in the North Carolina Court of Appeals, Petitioner raised only one question – whether the trial court erred in denying the motion to suppress his incriminating statements made without having been advised of his Miranda rights. See Def't-Appellant's Br. (Doc. No. 6-5). Moreover, in his PDR in the North Carolina Supreme Court, Petitioner made it

clear he was not raising an independent Fourth Amendment claim.  See PDR at 3 (Doc. No. 6-9) ("Though a 4th amendment violation is not the topic for discussion, evidence through testimony shows one has taken place.")

When a habeas petitioner fails to exhaust his available state remedies, and the court to which he would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted on federal habeas review.  See 28 U.S.C. § 2254(b)(1)(A); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  A federal habeas court will not review a claim that is procedurally defaulted absent a showing of cause and prejudice to excuse the default or that a fundamental miscarriage of justice will occur if the habeas court does not review the claim.  See Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).  Petitioner has not asserted either to excuse his procedural default.

IT IS THEREFORE ORDERED that Petitioner's Motion to Strike (Doc. No. 13) is DENIED.  Petitioner's Fourth Amendment claim is dismissed for failure to meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Rules Governing Section 2254 Cases.  Alternatively, the Fourth Amendment claim is dismissed because it is unexhausted and procedurally defaulted.  The Court finds that the state court determination that Petitioner was not in custody for Miranda purposes was reasonable. Respondents' Motion for Summary Judgment (Doc. No. 5) is therefore GRANTED.

**IT IS SO ORDERED.**

Signed: September 26, 2019

Frank D. Whitney
Chief United States District Judge