UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00473-FDW

| | |
|---|---|
| JAIRUS TYRONE HENLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> MIKE SLAGEL, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Jairus Tyrone Henley's Request for a Certificate of Appealability. (Doc. No. 17.)

I.     **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina. On September 19, 2013, the Charlotte Mecklenburg Police Department ("CMPD") sought to question him about a burglary and homicide that occurred the night before. Through an informant, the police located Petitioner and detectives brought him to the Law Enforcement Center ("LEC") for questioning. After speaking with detectives on-and-off for several hours, Petitioner confessed to his involvement in the burglary and homicide.

The State indicted Petitioner for first degree murder, burglary, and various related crimes. Petitioner moved to suppress his confession and related statements to the detectives, arguing that he was subjected to custodial interrogation without having been advised of his rights under Miranda v. Arizona. The trial court denied the motion, and Petitioner's confession was used against him at trial.

On May 20, 2016, a Mecklenburg County Superior Court jury found Petitioner guilty on

all charges.  The trial court sentenced him to consecutive sentences of life in prison without parole for the murder conviction, and 60 to 84 months in prison for burglary and robbery.

Petitioner appealed, and on July 5, 2017, the North Carolina Court of Appeals (NCCOA) filed an unpublished opinion finding no error in the denial of Petitioner's motion to suppress. State v. Henley, 801 S.E.2d 393 (N.C. Ct. App. 2017) (Table).  The North Carolina Supreme Court (NCSC) denied his petition for discretionary review ("PDR") on September 28, 2017. State v. Henley, 804 S.E.2d 527 (2017) (Mem).

Petitioner subsequently filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), alleging a violation of his rights under Miranda.  He filed an amended petition (Doc. No. 2), adding a claim of that his initial seizure violated the Fourth Amendment. Respondent moved for summary judgment.  (Doc. No. 5.)

On September 26, 2019, this Court entered an Order granting Respondent's summary judgment motion, denying Petitioner's Miranda claim, and dismissing Petitioner's Fourth Amendment claim as procedurally defaulted.  (Doc. No. 14.)  Petitioner has filed a motion for a certificate of appealability for both claims.  (Doc. No. 17.)

**II.    LEGAL STANDARD**

A district court order dismissing or denying a § 2254 petition is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) (2012).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' "  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting

Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

### III. DISCUSSION

#### A. Miranda Claim

In Miranda v. Arizona, the Supreme Court determined that to protect a suspect's Fifth Amendment privilege against compelled self-incrimination, the prosecution generally may not use statements stemming from a custodial interrogation against a defendant at trial unless the prosecution demonstrates certain procedural safeguards were taken before the defendant made those statements. 384 U.S. 436 (1966). In granting Respondent summary judgment on Petitioner's Miranda violation claim, this Court found that the state court record, including the transcript of the suppression hearing (Doc. No. 11-1) and the Record on Appeal (Doc. No. 6-4), supported the NCCOA's conclusion that Petitioner was not in custody and that his interactions with law enforcement were voluntary when he made his inculpatory statements. Accordingly, the Court concluded that the NCCOA did not apply Miranda in an unreasonable manner when it held that CMPD detectives did not violate Petitioner's Miranda rights.

Petitioner contends he meets the standard for a certificate of appealability and realleges facts related to the traffic stop that preceded his trip to the LEC where he made inculpatory statements. On direct appeal, Petitioner argued that the trial court failed to consider the circumstances of the traffic stop and the subsequent trip to the LEC in its analysis of whether he was in custody when he made his confession. The NCCOA specifically rejected that assertion, stating, "[t]his is flatly wrong. The trial court examined all the circumstances surrounding the

3

initial stop, made detailed findings about that initial stop, and expressly noted in its conclusions of law that its decision applied both to the initial stop and to Henley's questioning at the police station." Henley, 801 S.E.2d 393, at * 2.

In its written order denying the motion to suppress, the trial court described Petitioner's argument for suppression, as follows:

> The crux of Defendant's argument is that following the traffic stop, involving seven uniformed officers and three marked patrol cars, a cordon of officers surrounded him, prevented him from leaving and coerced him, against his will, to accompany Detectives Greenly and Watson to the LEC to be interviewed. That any statements made, were made while he was in custody, without the benefit of Miranda rights having been given, were not freely, voluntarily or understandingly made.

Order Deny. Mot. to Suppress, R. on Appeal, at 23 ¶ 1 (Doc. No. 6-4.) The trial court made 13 findings of fact related to the stop and the ride to the police station, see id. at p. 20-21 ¶¶ 7-17, p. 23 ¶¶ 28-29, and the court concluded as a matter of law that Petitioner's "testimony regarding coercion and lack of voluntariness [were] unbelievable," id. at p. 24 ¶ 5. Those findings and the court's legal conclusion were based upon the testimony of one of the officers who participated in the traffic stop, the lead homicide detective in the case, and Petitioner,[1] see Suppress. Hr'g Tr. (Doc. No. 11-1), the court's observation of the witnesses as they testified, audio and video of the traffic stop and post-stop activity recorded by the two patrol cars that initiated the stop, audio of Petitioner's ride to the LEC with Detectives Greenly and Watson, audio and video of Petitioner's interview at the LEC, see Order Deny. Mot. to Suppress (Doc. No. 6-4), at p. 20 ¶ 4 & n.1, and allegations of fact Petitioner made in pro se, pre-hearing filings that were inconsistent with his testimony at the hearing, see id. at p. 24 ¶ 5. The trial court concluded:

---

[1] These were the only witnesses who testified at the suppression hearing. See Suppress. Hr'g Tr. (Doc. No. 11-1). September 26, 2019 Order

> When considering the totality of the circumstances including Defendant's age, maturity, educational level, absence of intoxication, absence of any element(s) of coercion (either in Defendant's decision to accompany Greenly and Watson to the LED or make any statements to them), [the absence of] threats or promises, the length of the interrogation, its location, his prior experiences with the criminal justice system, his emotional state, and his credibility, the Court finds that he was not in custody for the purposes of Miranda. His statements to Greenly and Watson were given freely, voluntarily and with understanding.

Id. at 24 ¶ 6.

Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner satisfies his "burden of rebutting the presumption of correctness by clear and convincing evidence." In other words, a petitioner must demonstrate that the state court's factual finding was incorrect by clear and convincing evidence.

> Credibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.'

Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir.2003) (quoting Miller–El, 537 U.S. at 340). Thus, under § 2254 " 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.' " Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)) (alteration in original). Rather, "for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." Cagle, 520 F.3d at 324.

Given § 2254's highly deferential standard of review, especially of a state court's credibility findings, the Court concludes jurists of reason would not debate whether petitioner was in custody during the traffic stop, during his ride to the LEC, or during his interview at the LEC, as he offers only his self-serving testimony from the suppression hearing as evidence that

5

the trial court's fact and credibility findings were incorrect. Accordingly, Petitioner's request for a certificate of appealability for his Miranda claim is denied.

**B.     Fourth Amendment Claim**

In Claim Two of his habeas Petition, Petitioner claimed the initial traffic stop was an unconstitutional seizure of his person in violation of the Fourth Amendment. The Court dismissed the claim as procedurally defaulted because Petitioner had failed to exhaust the claim in the state courts, and he would be procedurally barred from raising the claim in the state courts if he attempted to do so now. Petitioner contends reasonable jurists would debate whether this Court's procedural ruling was correct. Specifically, Petitioner asserts that the factual basis for the Fourth Amendment claim was presented in his initial appellate brief to the NCCOA and that the substance of the seizure and relevant case law were presented in his pro se petition to the NCCOA for rehearing en banc and in his PDR in the NCSC.

As the Court explained in its Order granting Respondent summary judgment and dismissing this Claim, Petitioner raised only one question in his Appellate Brief before the NCCOA – whether the trial court erred in denying the motion to suppress his incriminating statements made without having been advised of his Miranda rights, see Sept. 26, 2019 Order (Doc. No. 14) at 9 (citing Def't-Appellant's Br. (Doc. No. 6-5)), and Petitioner's PDR to the NCSC made it clear he was not raising an independent Fourth Amendment claim related to the traffic stop, see id. at 9-10 (citing PDR (Doc. No. 6-9) at 3 ("Though a 4th amendment violation is not the topic for discussion, evidence through testimony shows one has taken place.")). Petitioner did not assert either cause and prejudice or a fundamental miscarriage of justice to excuse the default.

The Court concludes jurists of reason would not debate whether Petitioner failed to

exhaust and procedurally defaulted this claim. As such, his request for a certificate of appealability for his Fourth Amendment claim is denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Request for a Certificate of Appealability (Doc. No. 17) is **DENIED**.

Signed: March 14, 2020

Frank D. Whitney
Chief United States District Judge